John M. RUSSELL, Plaintiff–
Appellant,

v.

Linda G. FRANK, Chairman of the Kentucky Parole Board; Francis G. Clinkscales; Frank Derossett; James Provence, Members of the Kentucky Parole Board; John Doe, Sued as Unknown Official of the Commonwealth of Kentucky, Defendants–Appellees.

No. 00–6441.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

---

*ORDER*

John M. Russell appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief, plaintiff filed his complaint in the United States District Court for the Western District of Kentucky alleging that the Kentucky Parole Board violated the Ex Post Facto Clause when they applied new state parole law to his case which provides for a longer minimum period of incarceration before consideration for parole. Plaintiff named the defendant parole board members in their individual and official capacities and sought declaratory and injunctive relief. After the case was transferred to the Eastern District of Kentucky, plaintiff filed a motion for leave to file an amended complaint in which he sought: (1) to assert a claim for monetary relief; and (2) to clarify that the parole board had

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

deferred his next parole hearing for a period longer than that permitted when he committed his crime. The district court granted plaintiff's motion for leave to amend, and dismissed the complaint as meritless upon initial screening conducted pursuant to 28 U.S.C. § 1915A. Plaintiff filed a motion to alter or amend the judgment, which the district court denied. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that the district court misconstrued his complaint, and reiterates his contention that the parole board violated the Ex Post Facto Clause in applying a longer deferment to him. Upon de novo review, *see White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment because plaintiff cannot show a significant risk of an increased punishment. *See Garner v. Jones*, 529 U.S. 244, 249–57, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000); *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509–11, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.